**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROBERT D. MORDINI, JR. | ) | Case No. 11-15491 ABC |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JILL C. MORDINI, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT D. MORDINI, JR., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RELIEF FROM STAY

This matter came before the Court on the Motion for Relief from Stay filed by Jill C. Mordini (Ms. Mordini), the Debtor's spouse, the Limited Objection filed by the Debtor, and the Objection filed by the Unsecured Creditors' Committee ("Committee"). The Court has considered the Motion, the Objections, and the arguments of counsel presented at the preliminary hearing on June 2, 2011. At the preliminary hearing, all parties agreed that there were no evidentiary matters in dispute with respect to the Motion. Based on the foregoing, the Court finds as follows.

Prior to filing this Chapter 11 case, the Debtor and Ms. Mordini commenced a dissolution of marriage action in Arapahoe County District Court ("State Court"). Ms. Mordini seeks relief from the automatic stay for "cause," pursuant to 11 U.S.C. § 362(d)(1), to proceed with litigation in the State Court to determine the division of marital property. The Debtor agrees that the matter of property division should proceed in the State Court, but asks this Court to order that execution of any order dividing the marital estate be stayed, and that this Court be afforded an opportunity to review the State Court's division of marital property in light of Bankruptcy Code concepts and requirements, as was done by the bankruptcy court in *In re Dryja*, 408 B.R. 608 (Bankr. D. Colo. 2010). The Committee argues that the Court should deny relief from stay until this Court has had the opportunity to determine what constitutes property of this bankruptcy estate, including any property that may be recoverable under any non-bankruptcy law or Bankruptcy Code avoidance powers.

All parties recognize that this case implicates "the [murky] interaction between divorce proceedings and creditor interests," *Dryja*, 408 B.R. at 612, and that the Debtor's estate is a complex one. No party disputes that the division of marital property between the Debtor and Ms. Mordini,

by whichever court ultimately undertakes this task, is subject to the rights of creditors, including the powers given to a bankruptcy trustee (or debtor-in-possession) to avoid preferential and fraudulent transfers. The questions presented to this Court on Ms. Mordini's stay relief motion are, which court should undertake the equitable division of property between the divorcing spouses, and when will that division occur. Ideally, the rights of creditors to avoid transfers of the Debtor's property would be resolved prior to the division of marital property. By dealing with avoidance actions first, the court dividing the marital estate would have a clear picture of the parties' relative property ownership that would not be changed by future avoidance litigation. If the marital property is divided first, there exists a risk that the marital property division might appropriately be modified if property awarded to Ms. Mordini in the divorce is subsequently recovered for the benefit of this bankruptcy estate's creditors in an avoidance action   This factor weighs in favor of denying relief from stay, and allowing the marital property division to occur in this Court.

Competing with this factor is more than one-hundred fifty years of history and tradition of federal courts' deference to state courts in domestic relations matters. *See*, *Barber v. Barber*, 62 U.S. 582 (1858). This Court is disinclined to interfere with the State Court's expertise in the matter of determining an equitable division of marital property. The State Court may well ultimately prove to be the appropriate forum to make that division. There will be no harm, however, in staying the State Court's division of marital property for a sufficient length of time to enable an initial investigation into the extent of the Debtor's estate and the potential for avoidance actions to occur in this Court.[1] There may be great benefit to be obtained by allowing some time for such an initial investigation rather than wasting the parties' and judicial resources of both this Court and the State Court by having matters concerning division of marital property proceed simultaneously in both forums.

Accordingly, it is

ORDERED that Ms. Mordini's Motion for Relief from Stay is denied without prejudice to her right, or the rights of any other interested party, to file a renewed motion for relief from stay asking this Court to reconsider referring division of the Mordinis' marital property to the State Court. Such a motion may be filed at any time, either before or after completion of any investigation or prosecution of avoidance litigation in this Court.

DATED: June 6, 2011                                BY THE COURT:

_____
A. Bruce Campbell,
United States Bankruptcy Judge

---

[1] Only the marital property division matters are affected by the automatic stay. Nothing in the Bankruptcy Code or in this Order prevents the State Court from proceeding to adjudicate or otherwise settle all other matters related to the Mordinis' dissolution proceedings before it. 11 U.S.C. § 362(b)(2).